JS-6

X Priority
X Send
___ Clsd
___ Enter
X JS-5/JS-6
___ JS-2/JS-3

Thomas E. McCurnin, State Bar No. 103762
Sharon K. Brown, State Bar No. 176706
BARTON, KLUGMAN & OETTING, LLP
333 South Grand Avenue
Suite 3700
Los Angeles, California 90071
Telephone (213) 621-4000

Attorneys for Plaintiff
ROCKFORD INDUSTRIES, INC

FILED
CLERK, U S DISTRICT COURT

JUN 7 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

00-641

| | |
|---|---|
| ROCKFORD INDUSTRIES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> SUDDENLY EXPRESS CORPORATION, LAZARO L. HERNANDEZ, <br><br> Defendants. | CASE NO. SA CV 00641 AHS (ANx) <br> ASSIGNED FOR ALL PURPOSES: <br> THE HON. ALICEMARIE H. STOTLER <br><br> STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT AND ORDER THEREON; ORDER DISCHARGING JANUARY 2, 2001, ORDER TO SHOW CAUSE, AND REMOVING CASE FROM ACTIVE CALENDAR |

**TO THIS COURT AND ALL PARTIES:**

The undersigned being all parties to this litigation, do hereby stipulate to settlement of this action and to stipulation for entry of judgment as follows:

1   <u>Stipulation for Settlement</u>

The parties agree and stipulate to settle this matter. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "1" and incorporated herein by reference as if set forth at length.

///

///

Docketed
Copies / NTC Sent
JS-5 / JS-6
JS-2 / JS-3
CLSD

ENTER ON ICMS

JUN - 8 2001

1

STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT
AND ORDER THEREON

2. <u>Stipulation for Entry of Judgment</u>

Defendants Suddenly Express Corporation and Lazaro L. Hernandez ("Defendants") hereby stipulate to an entry of Judgment against them in favor of Plaintiff Rockford Industries, Inc. ("Plaintiff") in the sum of $59,000.00 in the event of a default under the terms of the Settlement Agreement, Exhibit "1".

Defendants also stipulate that if a Judgment is entered it may be domesticated, registered and sister-stated in any state of the United States where Defendants may reside or may have assets

Plaintiff stipulates that it will only seek to have a Judgment entered in the event of a default under the terms of the Settlement Agreement

I HAVE READ THE ABOVE STIPULATION, OR HAD IT TRANSLATED TO ME, AND AGREE TO ITS TERMS.

Dated: March ___, 2001    ROCKFORD INDUSTRIES, INC.

By: _____
Mildred Ochotorena
Litigation Manager

Dated March ___, 2001    SUDDENLY EXPRESS CORPORATION

By: _____
Lazaro L. Hernandez
President

Dated March ___, 2001    LAZARO L. HERNANDEZ

By: _____
Lazaro L. Hernandez
Defendant/Guarantor

---

2

STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT AND ORDER THEREON

1 | Approved as to Form:
2 | BARTON, KLUGMAN & OETTING, L.L.P.
3 |
4 | _____Sharon K. Brown_____
5 | Sharon K. Brown
  | Attorneys for Plaintiff
  | ROCKFORD INDUSTRIES, INC.
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |

3

STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT
AND ORDER THEREON

## ORDER

Upon review of the Stipulation for Settlement and Entry of Judgment entered into by Plaintiff Rockford Industries, Inc ("Plaintiff") and Defendants Suddenly Express Corporation and Lazaro L. Hernandez ("Defendants"). it is hereby ordered that this action is now settled in accordance with the terms and conditions of said Stipulation In the event of a breach of the terms of the Stipulation and Settlement Agreement attached thereto as Exhibit "1", Plaintiff may obtain a Judgment against Defendants in the amount of $59,000.00 in accordance with the terms and conditions of the Stipulation and Settlement Agreement. The case is removed from the Court's active caseload. The January 2, 2001 Order to Show Cause is hereby discharged.

IT IS SO ORDERED.

Dated: JUN - 7 2001

United States District Court Judge

---

STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT AND ORDER THEREON

# SETTLEMENT AGREEMENT
## among
## ROCKFORD INDUSTRIES, INC., LESSEE, and GUARANTOR

This Settlement Agreement is entered into on the date set forth opposite the signatures of the parties, by and between Rockford Industries, Inc. now doing business as American Express Business Finance Corporation ("Lessor") and Suddenly Express Corporation ("Lessee") and Lazaro L. Hernandez ("Guarantor"), with respect to the following facts·

A. On or about April 30, 1999, Lessee made, executed and delivered to Lessor a Lease for certain equipment described in the Lease wherein Lessee agreed to pay to Lessor monthly lease payments of $1,270.41 commencing on or about May 11, 1999, and continuing for a period of sixty (60) months.

B. In conjunction with the execution of the Lease, Guarantor made, executed and delivered a document entitled "Personal Guaranty" in favor of Lessor whereby Guarantor agreed to pay and guaranty the indebtedness of Lessee with respect to the obligations of the Lease.

C. On or about June 15, 1999, Lessee and Guarantor breached the terms of the Lease by failing to make the payments required to be made.

D. The Lease is now in default and there is currently owing from Lessee to Lessor the approximate aggregate sum of $112,606.80.

E. On or about July 3, 2000, Lessor filed an action entitled Rockford Industries, Inc. v. Suddenly Express Corporation; Lazaro L. Hernandez; U.S. District Court - Central District of California, Case No. SA CV 00641 AHS (ANx).

NOW, THEREFORE, in consideration of the foregoing recitals and the terms and conditions of the following agreement, it is agreed as follows.

### 1. Incorporation of Recitals.

All of the foregoing factual recitals are incorporated herein by this reference and made a part of this Settlement Agreement.

### 2. Consideration.

All parties acknowledge that in entering into this Settlement Agreement and taking the actions which they agree to undertake under the terms of this Settlement Agreement, they

1

are receiving good and valuable consideration in terms of this Settlement Agreement.

### 3. Stipulated Judgment.

Lessee and Guarantor agree to execute a Stipulation of Judgment in a form substantially in the form of Exhibit "1" hereto, in the principal sum of $59,000.00. The principal amount of the Stipulation shall bear interest at the rate of ten (10) percent per annum from date of execution. Said Stipulation will be held and not filed with the Court until such time as a default exists with respect to this Settlement Agreement. The terms of the Stipulation are incorporated herein by reference.

### 4. Forbearance by Lessor.

In consideration of all of the herein agreements Lessor agrees to forbear enforcement of the Judgment available to it and shall agree to accept performance under the terms of this Settlement Agreement.

### 5. Satisfaction of Judgment.

5.1 Lessee and Guarantor agree to pay to Lessor an initial payment of $10,000.00 on or before March 25, 2001. Thereafter Lessee and Guarantor agree to pay the sum of $49,000.00 over thirty-six (36) months. The monthly payments shall commence on April 1, 2001 and shall be in the amount of $1,497.19. Payments shall be made to Lessor c/o Mildred Ochotorena, 1851 East First Street, Sixth Floor, Santa Ana, CA 92705, on the first day of each month and shall continue for thirty-six (36) months, at which time all then accrued and unpaid payments and other charges due under this Settlement Agreement shall be immediately due and payable.

5.2 Upon full payment by Lessee and Guarantor to Lessor of the sums specified by this Settlement Agreement, Lessor agrees to deliver to Lessee and Guarantor an Acknowledgment of Satisfaction of Judgment.

### 6. Events of Default.

6.1 Events of Default Upon the occurrence or happening of any of the following events ("Events of Default"), Lessee and Guarantor shall be in default under this Settlement Agreement.

6.2 The failure of Lessee and/or Guarantor to pay Lessor any monies due and owing hereunder or otherwise the failure to perform all of the terms and conditions of this Settlement Agreement.

2

6.3 The occurrence of three (3) monetary defaults under this Settlement Agreement in any twelve month period, with or without a cure by the Lessee and/or Guarantor.

6.4 If at any time up to ninety-one (91) days after the last payment made hereunder, Lessee and/or Guarantor suffers voluntarily or involuntarily, the appointment of a receiver, custodian, examiner or a trustee for any of his property or assets, or if, at any time up to ninety-one (91) days after the last payment made hereunder, any of Lessee and/or Guarantor's assets are seized by any governmental agency or levied upon by any judicial process and not released within thirty (30) days of such seizure

6.5 If Lessee and/or Guarantor or their respective successors or assigns, including without limitation, a debtor in possession or a trustee, commences and obtains judgment in any action under any federal or state statute to avoid all or any part of the transactions or payment to Lessor as contemplated by this Settlement Agreement.

## 7. Rights and Remedies Upon Default.

7.1 Upon the occurrence of any Event of Default, Lessor shall serve a Notice of Default upon Lessee, Guarantor and their counsel to the addresses specified in this Settlement Agreement via U.S Mail and facsimile In the event that the Event of Default is not cured within five (5) days after the serving of the Notice of Default, Lessor may exercise any of the following rights in its sole discretion:

7.2 Declare all monies owing under this Settlement Agreement and the Stipulation to be immediately due and payable, less any sums received by Lessor.

7.3 Exercise any or all rights and remedies available to Lessor by virtue of the Stipulation for Judgment under the California Code of Civil Procedure and any other applicable laws, including enforcing the Stipulation for Judgment executed by the Lessee and Guarantor. The terms of the Stipulation are incorporated herein by reference as if fully set forth herein. Lessee and Guarantor waive any right to require Lessor to file a Motion for Entry of Judgment Pursuant to Stipulation, and the Judgment may be entered by submitting the same to the Court for entry of Judgment on an ex parte basis. Notice of any ex parte application shall be provided to Lessee and Guarantor via facsimile at (305) 717-3401. Lessee and Guarantor consent to the jurisdiction of the U.S. District Court for the Central District of California, and further consent to any Judgment rendered in the U S. District Court for the Central District of California being filed, sister stated, domesticated, or registered in any state of the United States for enforcement proceedings. Lessee and Guarantor waive any and all defenses they may have to any proceedings occurring in the U.S. District Court for the Central District of California or in any other state in any sister state action to domesticate the Judgment

3

7.4 Exercise any other right or remedy available to Lessor provided by law or in equity.

7.5 The rights and remedies granted to Lessor hereunder are cumulative, and Lessor has the right to exercise any one or more of such rights and remedies alternatively, successively or concurrently, as Lessor, in its sole discretion, deems advisable.

## 8. Revival Clause.

If the payment of money or the grant of collateral made by any party to this agreement, or any of them, should for any reason subsequently be declared to be "fraudulent" within the meaning of any state or federal law relating to fraudulent conveyances, preferential or otherwise voidable or recoverable, in whole or in part, for any reason, under any federal or state law (collectively "Voidable Transfers"), and Lessor is required to pay or restore the amount of any such Voidable Transfers, or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of Lessor related thereto, including without limitation, relief from stay or similar proceedings), the liability of Lessee and Guarantor shall automatically be revived, reinstated and restored in such amount or amounts, and shall exist as though such Voidable Transfer had never been made to Lessor. Nothing set forth herein is an admission that such Voidable Transfer has occurred Lessee and Guarantor expressly acknowledge that Lessor may rely upon advice of counsel, and if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement, Lessee and Guarantor shall again be liable for any deficiency resulting from such settlement as provided in this Settlement Agreement.

## 9. Release.

9.1 Lessee and Guarantor hereby forever irrevocably release Lessor, its past and present representatives, agents, employees, attorneys, partners, affiliates and their respective successors and assigns, from any and all claims, demands, suits, cross-complaints, causes of action, assertions, liabilities or debts of any nature, whether known or unknown, absolute or contingent, presently existing or hereafter discovered, pertaining to, connected with or arising out of the facts described in this Settlement Agreement and/or the leasing relationship between the parties.

9.2 The release contained in these paragraphs shall not be construed as a release with regard to any liability of Lessee and Guarantor for breach or default of their obligations under this Settlement Agreement.

9.3 Lessee and Guarantor have been advised by counsel with respect to this Settlement Agreement and have reviewed the release contained herein and the provisions of

4

Civil Code § 1542, as set forth below, and upon the advice of such counsel, hereby waive the protection afforded by such statute:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing a release, which if known by him must have materially affected his settlement with the debtor."

9.4 Lessor has been advised by counsel with respect to this Settlement Agreement and has reviewed the release contained therein and the provisions of Civil Code § 1542, as set forth above, and upon the advice of such counsel, hereby waives the protection afforded by such statute.

### 10. Attorneys' Fees and Expenses.

The prevailing party in any legal action taken in connection with the enforcement of any provisions of this Settlement Agreement shall be awarded its reasonable attorneys' fees and costs incurred therein.

### 11. Savings Clause.

In the event any of the terms, conditions or covenants contained in this Settlement Agreement shall be held to be invalid, then any such invalidity shall not affect any other term, condition or covenant contained herein, which terms, conditions or covenants shall remain in full force and effect.

### 12. Entire Agreement.

This Settlement Agreement and any document or instrument executed in connection herewith, constitutes the complete agreement of the parties with respect to the subject matters referred to herein, and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature with respect thereto, all of which have become merged and integrated into this Settlement Agreement. All of the parties understand that in the event of any subsequent litigation, controversy or dispute concerning any other terms, conditions or provisions of this Settlement Agreement, neither shall be permitted to offer or introduce any oral evidence concerning any other oral promises or oral agreements between the parties relating to the subject matters of this Settlement Agreement not included herein and not reflected by a writing. This Settlement Agreement cannot be amended, modified or supplemented except by a written document signed by all of the parties hereto. This Settlement Agreement is the product of negotiation between the parties and therefore, the parties waive any right to require that any ambiguity or question about the terms thereof be construed adversely against any of them.

13. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement

14. **Headings.** The headings preceding each of the paragraphs in this Settlement Agreement are for convenience only and shall not be considered in the construction or interpretation of this Settlement Agreement.

15. **Time of Essence.** Time is of the essence in the performance of this Settlement Agreement

16. **Binding Effect.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the respective parties hereto, their heirs, estates, successors and assigns.

17. **Governing Law.** This Settlement Agreement shall be construed and governed by the laws of the State of California.

18. **Authority.** Each party warrants that it has the authority to enter into this Settlement Agreement and that it has not sold, assigned, transferred, conveyed, hypothecated, or otherwise disposed of any claim or demand relating to any matter covered by this Settlement Agreement. Each party agrees to indemnify each other party from any and all claims, demands, losses, damages, liabilities, and expenses resulting from any breach of the representations and warranties contained herein

19. **Notices.** All notices, requests and demands required to be given hereunder shall be in writing and shall be deemed to have been duly given upon the date of service, if they are either served personally upon the party for whom intended or sent by means of facsimile transmission, or if mailed by first class mail, registered or certified, return receipt requested, postage prepaid, to such party at its address as shown below, or at such addresses as otherwise hereafter designated by such party in writing:

To Lessor:

      Mildred Ochotorena
      Litigation Manager
      1851 East First Street
      Sixth Floor
      Santa Ana, CA 92705
      Facsimile (714) 547-0469

with a copy to:

>Thomas E. McCurnin, Esq
>Sharon K. Brown, Esq.
>Barton, Klugman & Oetting, L.L.P.
>333 South Grand Avenue
>Suite 3700
>Los Angeles, California 90071
>Telephone (213) 621-4000
>Facsimile (213) 625-1832

To Lessee:

>Suddenly Express Corporation
>1475 N.W. 97th Avenue #102
>Miami, FL 33172
>Telephone (305) 717-3252
>Facsimile (305) 717-3401

with a courtesy copy to:

>Pedro R. Carrillo, Esq.
>Law Office of Carrillo & Carrillo, P.A.
>1401 Ponce de Leon Boulevard
>Suite 200
>Coral Gables, FL 33134
>Telephone (305) 460-6001
>Facsimile (305) 460-6002

To Guarantor:

>Lazaro L. Hernandez
>1475 N.W. 97th Avenue #102
>Miami, FL 33172
>Telephone (305) 717-3252
>Facsimile (305) 717-3401

with a courtesy copy to:

>Pedro R. Carrillo, Esq.
>Law Office of Carrillo & Carrillo, P.A.
>1401 Ponce de Leon Boulevard

7

    Suite 200
    Coral Gables, FL 33134
    Telephone (305) 460-6001
    Facsimile (305) 460-6002

    IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement as of the date and year set forth opposite their name.

Dated: March ___, 2001

AMERICAN EXPRESS BUSINESS
FINANCE CORPORATION fka
ROCKFORD INDUSTRIES, INC.

By: _____
    Mildred Ochotorena

Dated. March ___, 2001

SUDDENLY EXPRESS CORPORATION

By: _____
    Lazaro L. Hernandez
    President

Dated: March ___, 2001

LAZARO L. HERNANDEZ

By: _____
    Lazaro L. Hernandez
    Guarantor

Read and Approved as to Form

BARTON, KLUGMAN & OETTING, L.L.P.

By: _____
    Sharon K. Brown
    Attorney for Lessor

PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of 18 years, employed in the County of Los Angeles, State of California. I am employed in the office of Barton, Klugman & Oetting, LLP, members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 333 South Grand Avenue, Suite 3700, Los Angeles, California 90071.

On June 4, 2001, I served the following documents, described as **STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT AND ORDER THEREON** to the parties hereinafter mentioned:

Pedro R. Carrillo, Esq.
Law Office of Carrillo
 & Carrillo, P.A.
1401 Ponce de Leon Boulevard
Suite 200
Coral Gables, FL 33134

I certify that I am readily familiar with the ordinary business practices of the law firm of Barton, Klugman & Oetting, LLP and have prepared the envelope containing the material served in the manner set forth above and placed it in the collection bin for deposit in the United States mail, in accordance with said ordinary business practices.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on June 4, 2001, at Los Angeles, California.

| Martha Sandoval | _(signature)_ |
|---|---|
| Print Name of Signator | Signature |